UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-CR-0152-CVE-02 |
| | ) | (20-CV-0030-CVE-FHM) |
| UNRICO RANIER MINNERS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is defendant Unrico Ranier Minners's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 141).[1] The issue presented is whether defendant's conviction of count four of the indictment (Dkt. # 17) was based on the elements clause or the residual clause of 18 U.S.C. § 924(c)(3). The U.S. Supreme Court has ruled that the residual clause 18 U.S.C. § 924(c)(3) is unconstitutionally vague; therefore, if defendant's conviction of count four was based upon the residual clause of § 924(c)(3), his conviction of count four should be overturned and he should be resentenced. Plaintiff has filed a response (Dkt. # 153), and defendant has filed a reply (Dkt. # 155).

**I.**

The presentence investigation report (PSR) states that, on July 28, 2005, Bobby Joe Horn and defendant observed Larry Isaacs win a large amount of money at the Cherokee Casino located in Catoosa, Oklahoma. PSR, ¶ 8. Defendant, Horn, and Quiana Friday followed Isaacs from the casino to his Tulsa residence. Id. As Isaacs exited his vehicle to enter his residence, Horn and defendant

---

[1] Defendant was sentenced by the Honorable James H. Payne. The case was reassigned to the undersigned on January 22, 2020. Dkt. # 143.

approached him. Id. Horn was armed with a firearm and demanded his money. Id. Isaacs refused to comply with Horn's demands and proceeded to walk toward his residence. Id. At that time, Horn fired his weapon, striking Isaacs in the buttocks. Id. Horn again demanded that Isaacs give him the money or the next one would be in his head. Id. Isaacs complied and opened the trunk of his vehicle, giving Horn and defendant $1,800 in cash and his wallet. Id. Horn and defendant then fled to a vehicle driven by Friday that was parked nearby. Id. Tulsa police officers were notified and arrested Horn and defendant on July 30, 2005. Id. at ¶ ¶ 9, 10.

On October 4, 2005, a grand jury returned an indictment charging four counts against defendant. Dkt. # 17. Two are relevant to defendant's motion—counts three and four.[2] Count three alleges that Horn and defendant,

> each aiding and abetting the other, left Indian country, with the intent to intimidate another person, and in the course of, and as a result of, such travel placed that person in reasonable fear of serious bodily injury to that person and reasonable fear of the death of that person, by the use and discharge of a dangerous weapon, to wit: a firearm, in violation of Title 18, United States Code, Section 2261A(1), and Title 18, United States Code, Section 2.

Id. at 3. Count four alleges that Horn and defendant,

> knowingly, aiding and abetting each other, did use, carry, and discharge a firearm, during and in relation to, and possessed said firearm in furtherance of, a crime of violence as more fully set forth in Count Three of this Indictment, for which the Defendants may be prosecuted in a court of the United States, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii), and Title 18, United States Code, Section 2.

Id. at 4. On November 17, 2005, defendant pleaded guilty to all four counts alleged against him in the indictment, pursuant to a Federal Rule of Civil Procedure 11(c)(1)(A) plea agreement. Dkt. #

---

[2]   Defendant was also charged with conspiracy to commit offenses against the United States (count two) and felon in possession of a firearm (count six). Dkt. # 17.

29. In the plea agreement, plaintiff represented the elements of 18 U.S.C. § 2261A(1) that it must prove beyond a reasonable doubt:

> [1].   Whoever enters or leaves Indian Country;
>
> [2].   With the intent to intimidate another person; and
>
> [3].   In the course of or as a result of such travel places that person in reasonable fear of the death of or serious bodily injury to that person.

Id. at 7.[3]  Plaintiff also represented the elements of 18 U.S.C. § 924(c)(1)(A)(iii) that it must prove beyond a reasonable doubt:

> [1].   Knowingly use, carry and discharge a firearm during and in relation to or possessed said firearm in furtherance of;
>
> [2].   A crime of violence for which the Defendant may be prosecuted in a court of the United States.

Id.  18 U.S.C. § 924(c)(3) defines "crime of violence":

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and–
>
> > (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another [elements clause], or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [residual clause].

---

[3]   Although the plea agreement listed the generic elements of § 2261A only, under Apprendi v. New Jersey, 530 U.S. 466 (2000), to increase the statutory maximum from 5 years to 10 years, plaintiff additionally charged defendant in count three with the element of "the use and discharge of a dangerous weapon, to wit: a firearm," Dkt. # 17, at 3, and, in the plea agreement, he admitted that during the commission of the offense in count three, "a firearm was discharged during and in relation to the crime of violence." Dkt. # 29, at 15. Therefore, his conviction of count three with the increased the statutory maximum meets the requirements of Apprendi.

18 U.S.C. § 924(c)(3) [bracketed language added]. In his plea agreement, defendant admitted, in part:

> on the 28th day of July, 2005, I traveled onto Indian country at the Cherokee Casino in the Northern District of Oklahoma with two other persons. While there we identified a potential robbery victim, and thereafter followed him off of Indian country to his home where we intended to and did intimidate and rob him by using a firearm. My co-defendant shot the victim during the course of the robbery which we had agreed to commit, and he thereafter told the victim he was going to kill him. We took the victim's money by force, fear and intimidation.

Dkt. # 29, at 8. It was stipulated that "a firearm was discharged during and in relation to the crime of violence memorialized in [c]ount [t]hree." Id. at 15. It was also stipulated that "[a] dangerous weapon was used by the Defendant during and in relation of the commission of the offenses memorialized in [c]ount [t]hree." Id. The "Sentence" section stated that defendant acknowledged that the maximum sentence for his violation of 18 U.S.C. § 2261A(1) is ten years imprisonment. Id. at 11. Defendant was sentenced to 60 months imprisonment as to count two, 115 months imprisonment as to each of counts three and six, and 120 months imprisonment as to count four. Dkt. # 60, at 2. The terms of imprisonment imposed as to counts two, three, and six were to run concurrently with each other. Id. The term imposed as to count four was to run consecutively to any other term of imprisonment. Id.

## II.

The Tenth Circuit authorized defendant to file a second or successive petition under 28 U.S.C. § 2255 on December 6, 2019, based on United States v. Davis, 139 S. Ct. 2319 (2019).[4] See Dkt. # 138. Defendant claims that the crime to which he pleaded guilty in count three of the

---

[4] Because, as discussed, the Court finds that defendant has shown by a preponderance of the evidence that his motion relies on Davis, his motion is timely. See United States v. Washington, 890 F.3d 891, 896 (10th Cir. 2018).

indictment, 18 U.S.C. § 2261A(1), counted as a crime of violence only under 18 U.S.C. § 924(c)(3)'s "residual clause." Because the Supreme Court held that clause unconstitutionally vague in 2019, defendant asks this Court to vacate his conviction of count four and resentence him. See Davis, 139 S. Ct. at 2320.

In Davis, the Supreme Court held that the residual clause in § 924(c)(3) is unconstitutionally vague. Id. at 2336. Accordingly, it struck down the residual clause, as it had done in similarly worded residual clauses in the Armed Career Criminal Act (ACCA). See Johnson v. United States, 135 S. Ct. 2551 (2015); Sessions v. Dimaya, 138 S. Ct. 1204 (2018). Section 924(c) states:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and–
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c). The first subpart is known as the elements clause, and the second subpart is known as the residual clause. Davis, 139 S. Ct. at 2324. The Court noted that violators of § 924(c) "face a mandatory minimum sentence of five years in prison, over and above any sentence they receive for the underlying crime of violence or drug trafficking crime." Id. at 2324. The Court made clear that the categorical approach, which "disregards how the defendant actually committed the crime" and compares the elements of the statute to the generic form of the crime, applies to § 924(c)(3)(B). Id. at 2328. In terms of remedy, the Court held that a defendant who is convicted under the residual clause of § 924(c) is "entitled to full resentencing." Id. at 2336. The Tenth Circuit has held that Davis announced a new constitutional rule that retroactively applies on collateral

review. United States v. Bowen, 936 F.3d 1091, 1097-98 (10th Cir. 2019) ("We first conclude that the Supreme Court's ruling in Davis that § 924(c)(3)'s residual clause is void for vagueness is a new constitutional rule that is retroactive on collateral review.").

**III.**

In this case, the relevant crimes of which defendant was convicted are interstate stalking (count three) and aiding and abetting in the use of a firearm during and in relation to a crime of violence (count four), and the crime of violence that forms the basis of defendant's conviction in count four is interstate stalking. Defendant argues that his § 924(c) conviction (count four) is no longer valid, because interstate stalking could only meet the statutory definition of "crime of violence" under the residual clause that was found unconstitutional in Davis.

A.  The Categorical Approach Applies

Courts generally apply a categorical approach to determine if a prior conviction qualifies as a predicate offense under the ACCA. Taylor v. United States, 495 U.S. 575, 588-89 (1990). Under the categorical approach, courts "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime –i.e., the offense as commonly understood." Descamps v. United States, 570 U.S. 254, 257 (2013). A prior conviction qualifies as a predicate offense under the ACCA "only if the statute's elements are the same as, or narrower than, those of the generic offense." Id. The Tenth Circuit has described the application of the categorical approach as follows:

> [D]etermining whether a prior conviction falls under the ACCA, we apply a "categorical approach," generally looking only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction. That is, we consider whether the elements of the offense are of the type that would justify its inclusion within the ACCA,

6

> without inquiring into the specific conduct of this particular offender. To satisfy this categorical approach, it is not necessary that every conceivable factual offense covered by a statute fall within the ACCA. Rather, the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, qualifies under the ACCA as a violent felony or a serious drug offense.

United States v. Smith, 652 F.3d 1244, 1246 (10th Cir. 2011). However, if the statute lists elements in the alternative, a modified categorical approach may be applied to determine if the defendant was convicted of a generic or non-generic offense. Descamps, 570 U.S. at 266. In Mathis v. United States, 136 S. Ct. 2243 (2016), the Supreme Court clarified that application of the modified categorical approach applies when a single statute "lists elements in the alternative . . . and thereby define[s] multiple crimes." Id. at 2249. Under the modified categorical approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." Id. This is distinguishable from a situation in which a statute contains a single offense but lists alternative means for committing an element of that offense, because in such a situation the sentencing court must consider only the elements of the statute of conviction to determine if an offense qualifies as a predicate offense under the ACCA. Id. at 2250.

Plaintiff argues that the modified categorical approach applies, while defendant argues that the categorical approach applies. To decide which applies, the Court must examine the relevant statute under which defendant was convicted. The federal interstate stalking statute provides:

Whoever–

> (1) travels in interstate or foreign commerce . . . or enters or leaves Indian country, with the intent to kill, injure, harass, or intimidate another person, and in the course of, or as a result of, such travel places that person in reasonable fear of the death of, or serious bodily injury to, that person, . . .

shall be punished as provided in section 2261(b).

18 U.S.C. § 2261A (2000).[5] Plaintiff argues that the last clause in the statute, "shall be punished as provided in section 2261(b)," is an element of the offense under Apprendi v. New Jersey, 530 U.S. 466 (2000), and that, therefore, the modified categorical approach applies because § 2261(b) lists offenses in the alternative. See id. at 489 (holding that the government must prove every element of the offense of which a defendant is charged); see also Mathis, 136 S. Ct. at 2257 ("If statutory alternatives carry different punishments, then under *Apprendi* they must be elements.").

Section 2261(b) states:

A person who violates this section or section 2261A shall be fined under this title, imprisoned–

> (1) for life or any term of years, if death of the victim results;
>
> (2) for not more than 20 years if permanent disfigurement or life threatening bodily injury to the victim results;
>
> (3) for not more than 10 years, if serious bodily injury to the victim results or if the offender uses a dangerous weapon during the offense;
>
> (4) as provided for the applicable conduct under chapter 109A if the offense would constitute an offense under chapter 109A (without regard to whether the offense was committed in the special maritime and territorial jurisdiction of the United States or in a Federal prison); and
>
> (5) for not more than 5 years, in any other case[.]

18 U.S.C. § 2261(b) (2000). Section 2261(b) is a divisible statute because it lists alternative means of committing a § 2261A offense with alternative punishments. However, the generic form of § 2261A, which is the alleged crime of violence of count four, is indivisible: it does not list alternative

---

[5] This statute has since been amended and is now broader. However, the Court examines the statute at the time of defendant's conviction.

ways for committing interstate stalking. It has only one set of elements, as discussed below. Further, it is unambiguous, requiring a categorical approach. See Mathis, 136 S. Ct. at 2248 ("The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime."). Therefore, § 2261(b) is a list of alternative means for committing interstate stalking, with different statutory maximums based on the means used to commit the offense. The Court need look only to the indictment to see this. The indictment alleges in count three that Horn and defendant,

> each aiding and abetting the other, left Indian country, with the intent to intimidate another person, and in the course of, and as a result of, such travel placed that person in reasonable fear of serious bodily injury to that person and reasonable fear of the death of that person, by the use and discharge of a dangerous weapon, to wit: a firearm, in violation of Title 18, United States Code, Section 2261A(1), and Title 18, United States Code, Section 2.

Dkt. # 17, at 3. The element of use and discharge of a dangerous weapon was specifically charged in the § 2261A charge (count three). But that charge contains more elements than the generic offense of committing interstate stalking. As discussed below, there are means of committing interstate stalking that do not require the use, attempted use, or threatened use of physical force (that carry a five year statutory maximum). It necessarily follows, then, that § 2261A itself is indivisible and a categorical approach applies. This interpretation is consistent with Davis, which clearly requires a categorical approach in analyzing a § 924(c) conviction. It is also consistent with Tenth Circuit law. See Bowen, 936 F.3d at 1102 (applying the categorical approach to a § 924(c)(1)(A)(ii) conviction). Accordingly, the Court looks to the elements of the § § 2261A offense and determines if the offense meets the elements clause of § 924(c), or only the residual clause.

B.      Applying the Categorical Approach, § 2261A(1) Does Not Meet the Elements Clause of § 924(c)(3)

A prior conviction may be treated as a violent felony under the "elements" clause if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3). The Supreme Court has interpreted "physical force" to mean "violent force–that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010). In applying the "elements" clause, a court must consider only "whether the statute of conviction required proof of the use, threatened use, or attempted use of physical force." United States v. Maldonado-Palma, 839 F.3d 1244, 1248 (10th Cir. 2013).

Section 2261A(1) states:

Whoever–

> (1) travels in interstate or foreign commerce . . . or enters or leaves Indian country, with the intent to kill, injure, harass, or intimidate another person, and in the course of, or as a result of, such travel places that person in reasonable fear of the death of, or serious bodily injury to, that person, . . .

shall be punished as provided in section 2261(b).

18 U.S.C. § 2261A (2000). The elements of a § 2261A offense at the time of defendant's conviction were:

> (a) that interstate travel occurred;
>
> (b) that [d]efendant's intent was to injure or harass another person; and
>
> (c) that the person he intended to harass or injure was placed in reasonable fear of death or serious bodily injury to herself or a member of her family as a result of that travel.

United States v. Al-Zubaidy, 283 F.3d 804, 808 (6th Cir. 2002). It is clear that, in its generic form, this crime can be committed without the use, attempted use, or threatened use of physical force

against the person or property of another. In fact, there is no element of physical force in the statute or its elements. There is a travel element, which does not include the use, attempted use, or threatened use of physical force. There is an intent element, which, again, does not include the use, attempted use, or threatened use of physical force. Finally, there is a results element, which could or could not be committed with the use, attempted use, or threatened use of physical force. This is why, under the categorical approach, generically, interstate stalking could be committed without any use, attempted use, or threatened use of physical force. For example, the defendant may have had a prior relationship with the victim, so by merely telling the victim that the defendant will be in his or her area could cause the victim a reasonable fear of death or serious bodily injury. Or the defendant could merely have stalked the victim in a way that harassed the victim and caused the victim to reasonably fear for his or her life. However, this may or may not have been accomplished with the use, attempted use, or threatened use of physical force. As another example, the defendant could have, prior to the interstate stalking, used physical force against the victim, causing the victim to reasonably believe that physical force could be used against him or her again.

This interpretation of § 2261A is consistent with case law. In United States v. Veal, 138 Fed. App'x 902 (9th Cir. 2005),[6] which interpreted the version of the statute at the time of defendant's conviction, the defendant visited a minor child's school where the defendant believed the child was in attendance. Id. at 903. The defendant delivered a note to the child's teacher along with a picture of the child and a pair of the child's socks. Id. The child then stated that she was afraid that the defendant would either kidnap or kill her. Id. The court found that there was sufficient evidence to

---

[6]   This and all other unpublished cases are cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

support the defendant's conviction for interstate stalking. Id. In Veal, there was no physical force or threat of physical force; the defendant merely delivered a note, picture of the child, and a pair of the child's socks. In United States v. Wills, 346 F.3d 476 (4th Cir. 2003), the defendant had fliers placed at the victim's home and had people watch the victim. Id. at 483-84. The Fourth Circuit found that, prior to the victim's death, the defendant intended to harm or harass the victim, and his actions caused the victim to reasonably fear harm. Id. at 499. And in United States v. Sayer, 748 F.3d 425 (1st Cir. 2014), the court upheld the defendant's conviction when the defendant placed sexually explicit videos online intended to harass his prior girlfriend. Id. at 427-29.

Applying these cases, the use, attempted use, or threatened use of physical force is not an element of the generic offense under § 2261A. While there was physical force used in this case, because the Court applies the categorical approach, use of physical force in defendant's particular case is not dispositive. Because the crime could be committed without the use, attempted use, or threatened use of physical force, the sentencing court must necessarily have sentenced defendant under the residual clause of § 924(c)(3).

C.  Because Defendant was Sentenced Under the Residual Clause of 18 U.S.C. § 924(c)(3), His Conviction of Count Four Should be Vacated

The Court has found that 18 U.S.C. § 2261A is not a "crime of violence" under the elements clause of 18 U.S.C. § 924(c)(3) and, therefore, defendant was convicted of count four under the residual clause of 18 U.S.C. § 924(c)(3). Under Davis, his conviction of count four must be vacated. Davis, 139 S. Ct. at 2336. When § 924(c) convictions are vacated, appellate courts typically vacate the entire sentence "so that the district court may increase the sentences for any remaining counts up to the limit set by the original aggregate sentence." Id. (citing United States v. Smith, 756 F.3d

1179, 1188-89 and n.5 (10th Cir. 2014)).  However, in this case, defendant has already served approximately 15 years imprisonment.  Therefore, counsel for both parties shall jointly confer telephonically with U.S. Chief Deputy Probation Officer Ashley Schneeberg no later than **July 28, 2020**, and file a joint status report no later than **July 29, 2020**, as to whether an amended judgment of time served may be entered without the need for a resentencing hearing as to counts two, three, and six, or whether defendant should be transported to this district for resentencing on those counts.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 141) is **granted**, the judgment and commitment (Dkt. # 60) is **vacated**, his conviction of count four is **vacated, and count four is dismissed with prejudice**.

**IT IS FURTHER ORDERED** that the parties shall file a joint status report, **as directed above, no later than July 29, 2020.**

**DATED** this 24th day of July, 2020.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE